# MARCH, 1933

T. H. WRIGHT, SR. V. ROBERT AND ST. JOHN MOTOR COMPANY.

No. 6057. Decided March 15, 1933.

(58 S. W., 2d Series, 67.)

*York & Camp*, of Abilene, for appellant.

The court should not have rendered judgment by default against T. H. Wright, Sr., for the debt sued upon without an allegation being contained in the petition of some consideration for his agreement in writing to pay the debt; because one suing on an oral or written agreement to pay a debt must allege a valid consideration for the undertaking by the promissor. Jones v. Holliday, 11 Texas, 412; Bluff Springs Mercantile Co. v. White (Civ. App.), 90 S. W., 710; Cleveland State Bank v. Turner (Civ. App.), 278 S. W., 1107; Security Union Cas. Co. v. M. & U. Tank Co. (Civ. App.), 295 S. W., 292; 3 Texas Jur., secs. 122, 123.

*Kirby, King & Overshiner,* of Abilene, for appellee.

The plaintiff's petition stated a cause of action against defendant T. H. Wright, Sr., good as against general demurrer, it having been alleged that he agreed in writing to pay the note sued on, and under Article 27, R. S., 1925, such agreement imported a consideration, and it was unnecessary to allege same. R. S., 1911, Art. 7093; R. S., 1925, Art. 27; Ash v. Beck (Civ. App.), 68 S. W., 53; Sanger v. Warren, 91 Texas, 483, 44 S. W., 477; Royal Neighbors v. Heard (Civ. App.), 185 S. W., 882; Atchison, T. & S. F. Ry. Co. v. Smyth (Civ. App.), 189 S. W., 70; 8 C. J., 867.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This case is before the Supreme Court on certified questions from the Court of Civil Appeals of the Eleventh District. The certificate states the case. It is as follows:

"In this suit Robert & St. John Motor Company, a corporation, is plaintiff, and T. H. Wright, Jr., and T. H. Wright, Sr., are defendants. Plaintiff's petition alleged the execution and delivery by T. H. Wright, Jr., of a promissory note in the principal sum of $575.00, payable in certain installments, and also the execution by him of a certain chattel mortgage upon an automobile to secure the same. The petition is deemed in all respects sufficient to state a cause of action against T. H. Wright, Jr., upon the note, and for a foreclosure of the mortgage.

"The only allegations to show a cause of action against T. H. Wright, Sr., if any, were that, 'After the execution of the above note this indebtedness was assumed by T. H. Wright, Sr., and he agreed in writing to pay the same.' In addition to the above, the only allegations having any reference to T. H. Wright, Sr., were to the effect that the *defendants* had failed and refused to pay the balance due; had defaulted in the payment of the installments; that by reason whereof the *defendants* and each of them had become liable to pay the plaintiff the principal of the balance due, with attorney's fees. The prayer was to the effect that the *defendants* be cited, etc., and that plaintiff have judgment upon the note and for a foreclosure of the mortgage lien, and for general relief.

"Before the trial of the case T. H. Wright, Jr., was dismissed from the suit. Judgment by default was taken against T. H. Wright, Sr., for the sum of $419.10, and for a foreclosure of said mortgage lien. In due time a remittitur was made to

cure an error in the amount of the recovery, thereby reducing same to the principal sum of $255.15. T. H. Wright, Sr., has brought the case to this court upon writ of error.

"Plaintiff in error contends that the plaintiff's petition was insufficient to support a judgment by default against him. The question of law involved in this contention is whether or not the pleading was insufficient to state a cause of action by reason of its failure to allege a consideration for the written agreement of T. H. Wright, Sr., to pay the note. This question has arisen out of the fact that the Revised Civil Statutes of Texas, as adopted in 1925, omitted the provisions of R. S., 1911, Art. 7093, unless same, as contended by appellee, were continued as a part of the provisions of R. S., 1925, Art. 27. Revised Statutes, 1911, Art. 7093, reads as follows: 'Every contract in writing hereafter made shall be held to import a consideration in the same manner and as fully as sealed instruments have heretofore done.' Revised Statutes, 1925, Art. 27, reads: 'Each commissioner and each commission and each board which is or may be created by the laws of this state, shall have authority to adopt a seal with which to attest its official documents, certificates or any official written paper of any kind. No private seal or scroll shall be required in this state on any written instrument except such as is made by corporations.'

"In this connection, please notice the provisions of R. S., 1911, Art. 7092, as follows: 'No private seal or scroll shall be necessary to the validity of any contract, bond or conveyance, whether respecting real or personal property, or any other instrument of writing, whether official, judicial or private, except such as are made by corporations, nor shall the addition or omission of a seal or scroll in any way effect the force and effect of same.'

"Upon the original hearing, as shown by the opinion, a copy of which is hereto attached, we concluded that the provisions of R. S., 1911, Art. 7093, were not included in the provisions of R. S., 1925, Art. 27, and that same being entirely omitted from R. S., 1925, that same were repealed by R. S., 1925, Sec. 2 of the Final Title, which provides: 'That all civil statutes of a general nature in force when the revised statutes take effect, and which are not included herein and which are not hereby expressly continued in force, are hereby repealed.' We also concluded as the result of such repeal that it is necessary to the statement of a cause of action upon a written instrument that there be alleged a consideration for the agreement.

"Because of our action in reversing and remanding the case, and in view of another trial, we called attention to a matter not complained of by plaintiff in error; namely, that the petition appeared to be insufficient to support the provision of the judgment awarding a foreclosure of the lien as against plaintiff in error, T. H. Wright, Sr. It will be noticed that the petition does not allege that T. H. Wright, Sr., was a party to the mortgage or was in possession of the automobile, or had converted same or had any connection with same.

"The defendant in error has filed a very able motion for rehearing in which it greatly stresses the importance of our decision upon the first question mentioned. Alternative to its prayer that we reverse our decision, request is made that we certify the question to the Supreme Court for decision. Being deeply sensible of the fact that the decision does have far-reaching consequences, we have concluded that, pending the motion for rehearing, and before acting upon same, it is advisable to certify same to Your Honors for final decision, and in order to dispose of the case we also certify the additional question as to the sufficiency of the pleading as a fundamental matter to support a judgment awarding a foreclosure of the mortgage lien as against plaintiff in error.

"The questions which we certify are as follows:

"First: Is this court correct in holding, as shown by said opinion, that the provisions of R. S., 1911, Art. 7093, have been repealed by the adoption of R. S., 1925, thereby having the effect to require that, in the statement of a cause of action upon a written instrument which is not a negotiable instrument, a consideration must be alleged?

"Second: Is the plaintiff's pleading in this case sufficient to support a judgment by default against T. H. Wright, Sr., awarding a foreclosure as against him of the chattel mortgage lien upon the automobile?"

### OPINION.

The first question certified involves the proper construction of Article 27, R. S., 1925. That article reads as follows:

"Each commissioner and each commission and each board which is or may be created by the laws of this State shall have authority to adopt a seal with which to attest its official documents, certificates or any official written paper of any kind. No private seal or scroll shall be required in this State on any written instrument except such as are made by corporations."

Under the codification of our civil statutes of 1911 the sub-

ject matter of Article 27, supra, was embraced in Articles 7092 and 7093. These articles read as follows:

"No private seal or scroll shall be necessary to the validity of any contract, bond or conveyance, whether respecting real or personal property, or any other instrument of writing, whether official, judicial or private, except such as are made by corporations, nor shall the addition or omission of a seal or scroll in any way affect the force and effect of the same.

"Every contract in writing hereafter made shall be held to import a consideration in the same manner and as fully as sealed instruments have heretofore done."

■ Under the common law a simple contract such as the one in suit here under seal or scroll for seal imports a consideration. Jones v. Holliday, 11 Texas, 414; 13 C. J., p. 303, sec. 122; 6 R. C. L., 651; sec. 65.

The statute now in force, Article 27, supra, and in force when this contract was made and sued on, among other things, .expressly provides: "No private seal or scroll shall be required * * * on any written instrument except such as are made by corporations." If the seal was required under the common law on simple contracts such as this to import a consideration, and the statute now provides that no seal shall be required, it follows that the only effect the statute can possibly have on such a contract is to dispense with the common law rule requiring the seal in order to import a consideration. In other words, the last clause of Article 27, supra, which dispenses with the seal, as applied to simple contracts, can have no other meaning except to say: No private seal or scroll shall be required on any written instrument in order to import a consideration, etc.

It seems to be contended by appellant that since Article 7093 of the 1911 codification was left out of the 1925 codification, that it was repealed. A careful reading of Article 27 of the 1925 codification and a comparison of same with the two articles of the 1911 codification above quoted convinces us that the 1925 codification includes in one article the substance of the subject matter of the two 1911 articles.

As to the second question certified, we presume from the certificate, and the opinion of the Court of Civil Appeals accompanying the same, that the Court of Civil Appeals holds that appellee's petition in the county court was subject to a general demurrer, and is insufficient to support a default judgment against appellant for two reasons: (a) because it failed to affirmatively allege a consideration for appellant's contract in writing to pay the debt of T. H. Wright, Jr., and (b) because

the petition failed to allege that appellant had possession of the property foreclosed on, or claimed some interest therein.

■ It is evident from our discussion of the first question certified that we hold it was not necessary for the appellant to plead a consideration for the simple written contract sued on. If the contract imports a consideration, the pleading of the contract by appellee was all that was necessary to plead consideration. The burden then rested upon the appellant to plead under oath, and prove a want of consideration. Art. 2010, Subd. 10, R. C. S., 1925.

The Court of Civil Appeals cites the case of Lewis v. S. W. Tel. & Tel. Co., 59 S. W., 303 (Civ. App.), to support its holding that the burden was on appellee to plead and prove a consideration for the contract. An examination of the Lewis case demonstrates that it is not in point. The suit in that case was not based on a written contract.

A reading of Judge Pleasant's opinion in the Lewis case, supra, shows that he cites among other authorities the case of Jones v. Holliday, 11 Texas, 414, cited by us above. In the Jones case, supra, Judge Wheeler, speaking for the Supreme Court, says:

"A consideration is essential to the validity of a simple contract, whether it be verbal or in writing. The rule applies to all contracts not under seal. * * * In contracts under seal a consideration is implied, in the solemnity of the instrument."

■ From the very language above quoted it appears that under the common law, simple contracts in writing, under seal, implied a consideration. Since the necessity for a seal has been done away with, as applied to simple written contracts, all such contracts now imply a consideration.

■ Certainly no harm could have resulted to appellant on account of the failure to allege that he had possession of the property, or some interest therein. If he has no such possession or interest he is not concerned with this part of the judgment. If he does have such possession or interest the judgment is sufficient to foreclose as to same.

We recommend that Question No. 1 be answered "No," and that Question No. 2 be answered "Yes."

Opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.