## THOMAS v. WM. CAMERON & CO., Inc.
### No. 9038.

Court of Civil Appeals of Texas. Austin.

July 16, 1941.

J. W. Thomas, of Belton, for appellant.

Sleeper, Boynton & Kendall, of Waco, for appellee.

BLAIR, Justice.

Appellee, Wm. Cameron & Co., Inc., filed in the County Court of McLennan County, Texas, this action for debt against F. L. Thomas and appellant, J. E. Thomas. The suit as to F. L. Thomas was based on a promissory note for $443.91, given in renewal and extension of the unpaid balance of an account in the same amount, representing the agreed purchase price of certain goods, wares and merchandise purchased by F. L. Thomas from appellee in 1935; and attached to the petition as a part of it was an itemized and verified copy of the account; and as to appellant J. E. Thomas it was alleged that in consideration of the sale of the goods, wares and merchandise by appellee to F. L. Thomas, appellant, J. E. Thomas, agreed in writing by letter, dated January 3, 1936, to pay appellee the account in the sum of $443.91; the letter, after stating that the debt was that of F. L. Thomas, contained the following language: "However, I will take care of the debt as soon as I am able to do so."

Appellee prayed for a joint and several judgment against F. L. and J. E. Thomas for $443.91; and as against F. L. Thomas for interest and attorney's fees as provided for in the note; and as against appellant, J. E. Thomas, for legal interest.

F. L. Thomas made default and the County Court of McLennan County rendered judgment against him for appellee as prayed. Appellant, J. E. Thomas, filed a plea of privilege, which was not contested, and the cause as to him was transferred to the County Court of Bell County, where, on the trial to the court without a jury, judgment was rendered for appellee against appellant, J. E. Thomas, as prayed; hence this appeal.

Appellant contends that appellee failed to allege and prove any valuable consideration passing to appellant for the alleged written agreement to pay the indebtedness. No sworn plea or categorical denial of want of consideration was filed by appellant, but during the trial when testimony relating thereto was objected to because no such plea was filed, he was granted permission to swear to his answer, which contained, among others, a special exception or demurrer to the petition on the ground that the alleged written agreement was made with reference to the preexisting debt of a third party, and that the petition nowhere alleged any valuable consideration for the promise to pay the indebtedness; and a general denial and special plea that the written promise to pay was conditioned upon the ability of appellant to pay, which had never occurred. The answer was sworn to as follows:

"J. E. Thomas,
"Defendant.

"Subscribed and sworn to before me this 4th day of Jany., 1940.
"J. W. Thomas."

Appellee objected to the sufficiency of the answer as a sworn plea or denial of consideration, and to the admission of testimony relating thereto, which matters the court took under consideration and later rendered judgment for appellee as prayed. Thus the court apparently held that appellee was not required to plead a new and independent consideration for the written promise to pay the debt, and that appellant having failed to file any proper denial or sworn plea of want of consideration, the question of consideration vel non was not in issue, and under the rule that the written agreement to pay the debt purported a consideration, rendered judgment for appellee thereon.

Appellee sued on a "written obligation" to pay the indebtedness, setting forth the instrument in writing in full. Since appellee plead the written contract, which imported consideration under our statute, the burden was on appellant to plead under oath and prove want of consideration. Art. 2010, Subd. 10, R.S.1925; Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67. The only reference made in the answer of appellant to want of consideration to pay the debt was by a special exception or demurrer to the petition of appellee, which reads as follows:

"Defendant excepts specially to the said petition because it shows on its face that such declaration as this defendant may have made 'in writing', if any, was made with reference to a pre-existing debt of a third party, and to be binding must allege

and show a valuable consideration to this defendant for the promise to pay it being admittedly the debt of a third person. There was no consideration passing to this defendant."

■ This exception or demurrer is addressed to the sufficiency of the pleadings as a matter of law and as distinguished from an issue of fact. The purpose of the exception was to admit for the purposes of the issue raised, the truth of the facts alleged, and to insist that such facts were not sufficient to state a cause of action. 33 Tex.Jur., 552–560. It is apparent that the special exception was addressed to the pleadings as a whole and as a special exception or demurrer in due order of pleading, and was not intended as a pleading to raise a fact issue, and since the facts, admitted to be true by the exception, were sufficient to sustain a default judgment in favor of appellee, no error is presented. Wright v. Robert & St. John Motor Co., supra.

■■ But if the special exception be regarded as an allegation of fact as to consideration, it was insufficient as such because limited to the allegation that "there was no consideration passing to this defendant." Appellant merely signed his name to the answer, and attached a defective jurat, signed by his attorney, which failed to show any authority to administer the oath. He did not attempt to swear to any particular fact or part of his petition, nor that there was no consideration to support the promise to pay, but merely swore, if· he did, that no consideration passed to him. In order to put in issue the question of want of consideration for the instrument sued upon, the oath must be specific and at least a categorical denial that there was consideration to support the promise to pay the debt. Century Ins. Co. v. Hogan, Tex.Civ.App., 135 S.W.2d 224; Yates v. Home Bldg. & Loan Co., Tex.Civ.App., 103 S.W.2d 1081. And since the issue of want of consideration was not put in issue by proper pleadings, the court correctly held that the written instrument sued upon purported a consideration.

■ Appellant next contends that the written promise to pay the indebtedness was conditional and contingent upon the ability of appellant to pay, and that appellee failed to prove the ability of appellant at any time to pay the debt.

The written promise to pay the debt was as follows: "However, I will take care of the debt as soon as I am able to do so."

On this issue of ability to pay, appellant testified as follows:

"Q. Mr. Thomas, there is no use my arguing around and around with you, and I want you to state under oath, if it wasn't a fact that during that period of four years you could have paid that bill if you had wanted to pay it?

(Objection by appellant's counsel overruled.)

"Q. Now, Mr. Thomas, will you answer the question, couldn't you during that period have paid the bill if you had wanted to? A. Well, if I had wanted to pay it as bad as that, I could have paid off the bill some way somehow. Yes sir."

This evidence sufficiently sustains a presumed finding in support of the judgment rendered that appellant was able to pay the debt he promised to pay.

■ The third and remaining contention is that since appellee based its suit against appellant on an alleged contract in writing to pay the debt, and appellant having denied under oath and proved, as required by Art. 2010, that no consideration was paid to him for the alleged written promise to pay, that he is entitled to a reversal and to a rendition of judgment in his favor. The defect in this complaint is that appellant did not deny under oath a want of consideration for the written promise sued upon by appellee. Not having filed a proper denial or sworn plea of want of consideration, as pointed out under the first question discussed, the written instrument purported a consideration, and no issue of want of consideration vel non was in the case.

The ·judgment of the trial court is affirmed.