Frankie B. ADAMS et al., Appellants,

v.

CAN–DEE OIL CORPORATION, Appellee.

No. 3983.

Court of Civil Appeals of Texas.

Waco.

May 10, 1962.

Rehearing Denied May 31, 1962.

Yarborough, Yarborough & Johnson and Roger L. Turner, Dallas, for appellants.

J. Tom Sample, Dallas, for appellee.

WILSON, Justice.

In a non-jury trial judgment was rendered for defendant in plaintiff's suit for commissions alleged to be due under a written contract of employment. The contract provided plaintiff was to receive 2½¢ per gallon on gasoline sales as compensation for managing defendant's filling station. The sum due, if all sales were computed at the 2½¢ rate, was stipulated. No findings or conclusions were filed.

Plaintiff introduced in evidence the daily retail inventory balance sheets signed by plaintiff on which plaintiff's compensation had been paid by defendant. Many of these sheets, signed by plaintiff and furnished by him to defendant as the basis on which compensation was computed and paid, show his commission rate as 1¢, 1½¢ and 2¢ per gallon for certain days. Plaintiff died before trial.

Appellants' argument is that since the employment contract provided it could be altered only by mutual agreement in writing, when plaintiff signed the written balance sheets his compensation had already become fixed and liquidated in amount, and any agreement to accept a lower commission was without consideration. A written agreement not to modify a contract except in writing does not preclude an oral modification. Morrison v. Ins. Co., 69 Tex. 353, 6 S.W. 605, 609; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W. 2d 553, 164 S.W.2d 488, 491; Apperson v. Shofner, Tex.Civ.App., 351 S.W.2d 367, 369; 13 Tex.Jur.2d p. 505.

The signed balance sheets furnished by plaintiff to defendant showing the rate at which his commission was computed and paid (which it was stipulated defendant acknowledged and approved), constituted, however, a written agreement. The requirement of consideration for the modification is supplied by the elementary principle of contract law that writing imports consideration. Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67. Affirmed.