**Rey LERMA, Appellant,**

v.

**Roger BRECHEISEN et ux., Appellees.**

**No. 6168.**

Court of Civil Appeals of Texas, Waco.

June 5, 1980.

Rehearing Denied July 10, 1980.

Jerry Sutton, Sutton & Kitchens, Killeen, for appellant.

David L. Evans, Byron L. McClellan, Jr., Donaldson & McClellan, P. C., Copperas Cove, for appellees.

HALL, Justice.

Plaintiffs Roger Brecheisen and wife, Annette Brecheisen, filed this suit against defendant Rey Lerma under the provisions of the Deceptive Trade Practices—Consumer Protection Act (V.T.C.A., Bus. & C. § 17.41 et seq.) alleging that they had been damaged in the sum of $12,000.00 actual damages by reason of defendant's violation of a written property management contract between the parties under which defendant agreed to manage certain real property owned by plaintiffs. Among other grounds for recovery plaintiffs alleged that "defendant represented that his services had . . . benefits which they did not have." This pleading was based upon § 17.46(b)(5) of the Deceptive Trade Practices Act in which "representing that . . . services have . . . benefits . . . which they do not have" was (and is now) condemned as a "false, misleading, or deceptive act or practice." Also, under the provisions of § 17.-50(b)(1) of the Act as they existed at all times pertinent to this lawsuit, an "adversely affected" consumer who prevailed in his cause of action was entitled to recover "three times the amount of actual damages," court costs, and reasonable attorney's fees. Accordingly plaintiffs pleaded that they were "entitled to their actual damages, trebled, costs of court, and attorney's fees." Plaintiffs pleaded for $5,000.00 attorney's fees for the trial of the case, for an additional $3,000.00 attorney's fees if the case be appealed to the Court of Civil Appeals, for $1,500.00 additional attorney's fees if an application for writ of error be made to the Supreme Court, and for an additional $1,000.00 attorney's fees if the application for writ of error be granted.

Defendant answered with a general denial, and then alleged that he had "complied in every respect with the property management agreement with Plaintiffs"; that he had not made "any promises of . . . benefits that were not true" or otherwise

committed any act that violated § 17.46(b) of the Deceptive Trade Practices Act; that his "actions and representations to the Plaintiffs were honest and legal in all respects"; and that his "dealings with Plaintiffs' property were conducted in a manner which was honest, truthful and in good faith."

The case was tried to a jury. The following findings were made by the jury in response to the six special issues submitted:

1. Defendant Lerma "violated the property management agreement here in question."

2. Such violation was a proximate cause of loss to plaintiffs.

3. Defendant "represented to Plaintiff Annette Brecheisen that his real estate management service had benefits which it did not have."

4. Such representation was a producing cause of loss to plaintiffs.

5. The sum of $12,000.00 "would compensate the Plaintiffs as damages for such losses."

6. The following sums would be reasonable attorney's fees for the services by plaintiffs' attorney:

   A. $3,000.00 for the preparation and trial of the case.

   B. $2,000.00 if the case be appealed to the Court of Civil Appeals.

   C. $1,000.00 if application for writ of error be made to the Supreme Court.

   D. $750.00 if the application for writ of error be granted by the Supreme Court.

Judgment was rendered on the verdict and under the provisions of § 17.50(b)(1) of the Deceptive Trade Practices Act, supra, awarding plaintiffs a recovery of $36,000.00 damages, plus attorney's fees as follows: $3,000.00 if the case was not appealed by defendant; $5,000.00 if the case was appealed only to the Court of Civil Appeals; $6,000.00 if application for writ of error was made to the Supreme Court by defendant; and $6,750.00 if the application for writ of error was granted by the Supreme Court.

Defendant brought this appeal. We affirm the judgment.

Defendant's brief is broadly violative of the briefing rules set forth in Rule 418, Vernon's Tex.Rules Civ.Proc.; and plaintiffs move for dismissal of the appeal on that ground. We do not condone defendant's violations of the briefing rules, but because we believe his complaints are discernible from the brief filed, we overrule plaintiffs' motion.

Defendant states "Basically, the primary defense is that [the property management agreement] did not take effect" because (1) certain asserted conditions precedent were not met and (2) failure of consideration. Defendant did not plead these affirmative defenses, as he was required to do under Rule 94, Vernon's Tex.Rules Civ. Proc., and he may not raise them for the first time on appeal as grounds for reversal of the judgment in this case. *Wright v. Robert & St. John Motor Co.*, 122 Tex. 278, 58 S.W.2d 67, 69 (1933); *Okemah Construction, Inc. v. Barkley-Farmer, Inc.*, 583 S.W.2d 458, 460 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Haan v. Daly*, 409 S.W.2d 958, 959 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.).

Defendant contends the court erred in overruling his objections to special issues 3 and 4, but the appellate record does not contain any objections to the charge. By failing to bring forward the asserted objections for our review, defendant has waived his complaints of error in the court's rulings thereon. *Bituminous Casualty Corporation v. Moore*, 396 S.W.2d 249, 250 (Tex.Civ.App. —Tyler 1965, writ ref'd n. r. e.); *Williams v. Sperlich*, 362 S.W.2d 204, 205 (Tex.Civ. App.—Waco 1962, no writ).

Defendant's remaining complaints appear to be (1) that the evidence is legally insufficient to support the jury's answers to special issues 1 and 2, and (2) that the evidence is both legally and factually insufficient to support the answer to special issue 3.

There is evidence of these facts: Defendant is a licensed real estate broker. The property in question is the old Pidcoke Schoolhouse property located in Coryell County about ten miles from defendant's office. Plaintiffs purchased the property in 1972 to convert it into apartments. They constructed two apartments in the building, one containing one bedroom and the other containing two bedrooms and each containing a living room, kitchen and bathroom. Plaintiffs and their small children lived in the larger apartment and rented the other for about 18 months. When they later moved to the City of Austin, they also rented the larger apartment. In December, 1976, plaintiffs moved to the state of California. Immediately prior thereto, on December 14, 1976, plaintiffs and defendant entered into the property management contract in question in which defendant agreed to manage the schoolhouse property, inspect it "at least each 90 days," send monthly statements to plaintiffs, and make minor repairs, in exchange for 10% of the rent collected. Defendant promised and represented to plaintiffs that his best efforts (which he described as "treating the property like it was my own") would be used by him to "represent their best interests" under the contract. During the term of the property management agreement, and especially in the first six months of 1977, the schoolhouse property was substantially damaged by vandals and thieves.

Under other evidence, which was greatly disputed, the jury was entitled to believe that the defendant did not inspect the property at least once each 90 days and did not send plaintiffs monthly reports; that the damage to the property resulted directly from defendant's lack of interest in the property and his failure to look after it and protect it, although he was warned of prowlers on several occasions by a neighbor of the property; and that defendant could have fully secured and protected the property (as was later done by a third party) at the expense of only a few dollars for several locks and inside door latches, and a piece of chain.

Our consideration of defendant's complaints has included a review of the entire record. We hold the evidence is legally and factually sufficient in every particular

questioned by defendant. The complaints are overruled.

The judgment is affirmed.

### ON MOTION FOR REHEARING

Contrary to our statement in the original opinion, the appellate record does contain defendant's objections to special issue 3. The objections were properly overruled by the trial court.

Defendant's contentions on rehearing are overruled.