Allen R. GREENSTEIN, Appellant,

v.

Ernest Ray SIMPSON, et al., Appellees.

No. 10–82–143–CV.

Court of Appeals of Texas, at Waco.

Oct. 31, 1983.

Rehearing Denied Nov. 23, 1983.

Vance Dunnam, Dunnam, Dunnam, Horner & Meyer, Waco, for appellant.

Hilton H. Howell, Naman, Howell, Smith & Lee, P.C., Waco, for appellees.

## OPINION

THOMAS, Justice.

If an invalid covenant not to compete is breached, can the maker of a note, given as consideration for the invalid covenant, establish partial failure of consideration as a defense *pro tanto* and reduce the principal of the note by the amount of consideration which failed as a result of the breach? This appeal poses this principal question, which we answer in the affirmative, and we affirm the judgment of the trial court.

Appellant was an equal partner in an accounting partnership composed of Appellant-Greenstein, Dulock and Logan, three certified public accountants, with main offices in Waco. A written agreement among the three partners provided for the purchase by the partnership of a retiring partner's interest, the total consideration for such purchase being determined by a formula set forth in the agreement. The written agreement further provided that, if a partner re-enters public accounting within three years after retiring and obtains a former client of the partnership during such period, the partner who re-enters public accounting must pay the partnership an amount equal to the gross fees paid to the partnership by the client in the year prior to the partner's retirement.

Due to differences which had developed among the three partners, on January 1, 1978, Appellant sold a 23⅓% interest in the partnership to three junior accountants in the firm, thereby retaining a 10% partnership interest. In the sale, Appellant sold a 10% interest to Simpson, a 10% interest to Brockway, and a 3⅓% interest to Kaga. Contemporaneously with Appellant's sale, Dulock and Logan each sold a 3⅓% interest to Kaga, so that Kaga's partnership interest would equal 10%. As consideration for the sale, Simpson and Brockway each signed a

promissory note to Appellant for $102,-355.51, and Kaga signed a $34,118.35 note to Appellant for his 3⅓% interest, as well as notes for a like amount to Dulock and Logan. A new partnership agreement was executed between the old and new partners, which contained provisions virtually identical to the agreement between Appellant, Dulock and Logan. On January 1, 1979, Appellant sold the remaining 10% of his partnership interest to Woodard in return for Woodard's note for $122,582.54. In 1979, Chupik purchased Kaga's 10% interest and assumed payment of Kaga's note to Appellant.

Appellant pursued other business interests after retiring, but in 1980, Appellant began performing some accounting work for a public accounting firm in Marlin owned by Parrish. On January 1, 1982, Parrish, Appellant, Moody and Harelik, all certified public accountants, formed a partnership and opened an office in Waco for the practice of public accounting. When Appellant re-entered public accounting with the new partnership, Appellees refused to make any further payments to Appellant on the four notes. Appellant filed suit on the notes, and Appellees defended the suit by pleading failure of consideration, misrepresentation, breach of warranty and breach of contract. Appellees also sued the partnership and professional corporation of Parrish, Appellant, Moody and Harelik for damages.

Prior to trial, Appellant and Appellees stipulated that the unpaid balances of the four promissory notes were as follows: Simpson—$20,471.04; Brockway—$20,-471.04; Chupik (Kaga)—$6,823.35; and Woodard—$61,291.34. Appellees also stipulated under Tex.R.Civ.P. 266 that Appellant was entitled to recover the unpaid balance of the four notes, plus penalty and attorney fees, except to the extent that Appellant's cause of action was defeated by Appellees' answer; therefore, Appellees gained the right to open and close.

The jury answered special issues which were numbered as follows:

Issue 1(A–D): Part of the consideration for the execution of the four notes was the mutual understanding and belief between Appellant and the makers that Appellant was permanently retiring from the practice of public accounting;

Issue 2(A–D): The consideration for the execution of the notes failed as a consequence of Appellant re-entering the practice of public accounting;

Issue 3 (A–D): The consideration for execution of the notes failed to the following extent: Simpson note—$25,000.00; Brockway note—$25,000.00; Chupik (Kaga) note—$8,500.00; and Woodard note—$30,500.00;

Issue 4: Logan, with Appellant's knowledge and consent and for Appellant's benefit, represented to Appellees that Appellant was permanently retiring from public accounting at the time Appellant sold his partnership interest to the parties;

Issue 5: The jury failed to find such representation was false;

Issue 10: Logan, with Appellant's knowledge and consent and for Appellant's benefit, expressly warranted to Appellees that Appellant's interest in the assets and good will of the partnership was being effectively transferred in the sale because Appellant was permanently retiring from the practice of public accounting;

Issue 11: Appellant breached the express warranty;

Issue 12: Appellant's breach of the express warranty was a proximate cause of damage to Appellees;

Issue 14: Appellant agreed to sell his partnership interest, including good will, to Appellees, and as a part of such sale, Appellant agreed to retire permanently from the practice of public accounting; and

Issue 16: Appellant failed to perform or breached the agreement to retire permanently.

The jury found against Appellees on their claim for damages against the partnership and professional corporation of Parrish, Appellant, Moody and Harelik. Based on the verdict, the trial court entered judgment that Appellant take nothing against Simp-

son, Brockway and Chupik, but that Appellant have judgment against Woodard for $30,792.27, representing the unpaid balance of the note, after deducting $30,500.00 which the jury found to be the amount of consideration which failed on Woodard's note. Appellant was also awarded an interest penalty and attorney fees on the Woodard note. Appellant filed a motion and amended motion asking the trial court to disregard certain findings of the jury and for judgment on the verdict, which were overruled.

We first examine Appellant's contention that he retired under the terms of the written partnership agreements and that his retirement from public accounting from 1979 through 1981 satisfied the three-year covenant not to compete. Appellant argues that since the total purchase price paid by Appellees for Appellant's partnership interest was calculated in accordance with the formula set forth in the written partnership agreements, this establishes that the three-year non-competition agreement provision is controlling. We reject Appellant's argument in this regard.

█ The details of Appellant's sale of his interest in the partnership to Appellees conflict in many respects with the terms of the written agreements, which provided that a retiring partner's interest would be purchased by and paid for by the partnership. The agreements did not envision the sale of a retiring partner's interest to third parties, as occurred here. However, assuming arguendo that the sale to Appellees was made under the written agreements and not under an oral agreement among the parties, Appellant's contention cannot be accepted. Even though the partnership agreements contain a provision that terms cannot be amended except by a written instrument signed by all the partners, such a restriction would not legally prevent the partners from amending any of the provisions through their subsequent oral agreement. *Adams v. Can-dee Oil Corporation,* 357 S.W.2d 808 (Tex.Civ.App.—Waco 1962, writ ref'd n.r.e.). Accordingly, the parties to the agreements could orally amend the

non-competition provision to delete the three-year period and make the provision, as otherwise written, coextensive with Appellant's agreement to permanently retire from public accounting. The partners could also orally amend the agreements to provide for the sale of Appellant's interest to third parties. The jury found, in response to special issue 14, that Appellant agreed to permanently retire from public accounting, and we hold this finding is based upon factually sufficient evidence. The trial court could have reasonably concluded that Appellant agreed to orally amend the non-competition provision contained in the partnership agreements.

█ In any event, we hold the non-competition agreement, as orally modified by the parties, is invalid as an unreasonable restraint of trade. While a person may agree, in connection with the sale of his business, not to re-enter a similar competitive business for the remainder of his life, such an agreement must be reasonably limited as to geographic area in order to be valid. *York v. Dotson,* 271 S.W.2d 347 (Tex. Civ.App.—Fort Worth 1954, writ ref'd n.r. e.). The non-competition covenant before us, as originally written or as orally modified, is open-ended as to geographic area, which renders it invalid.

█ The jury finding that Appellant breached the non-competition agreement raises the question of what remedies are available to Appellees as a result of Appellant's breach of an invalid non-competition covenant. Appellees could not recover monetary damages from Appellant for his breach of an agreement in unreasonable restraint of trade. *Weatherford Oil Tool Company v. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960). Neither could Appellees enjoin Appellant under a non-competition agreement which is unlimited as to territory. *Matlock v. Data Processing Sec., Inc.,* 618 S.W.2d 327 (Tex.1981). Here, Appellees do not attempt to pursue affirmative remedies of injunction or recovery of damages but assert their right to use Appellant's breach in a defensive manner by establishing a partial failure of consideration as a

defense *pro tanto* to their full liability on the promissory notes. Appellant argues that for the court to allow Appellees to reduce the unpaid balances on the promissory notes under the guise of partial failure of consideration is tantamount to allowing Appellees to recover damages for Appellant's breach of an invalid non-competition agreement. Neither party has cited any authority directly on point to guide us in determining whether Appellees can use Appellant's breach in this manner, and we have found none.

The essence of Appellees' argument is that Appellant's breach of the non-competition agreement, even though the covenant is invalid, partially excuses their full performance under the terms of the promissory notes given as consideration for Appellant's agreement to permanently retire from public accounting. A prerequisite to the remedy of excuse of performance is that the covenants in the contract must be mutually dependent, so that the breach of a dependent covenant will excuse the injured party's performance of other dependent covenants. *Hanks v. GAB Business Services, Inc.,* 644 S.W.2d 707 (Tex.1982). In *Hanks,* our Supreme Court held, under the facts there presented, that the valid covenant not to compete was an independent promise, and, therefore, the party injured by the breach of the covenant was not excused from payment of the final installment of consideration due under a contract for the purchase of assets. The Supreme Court concluded in *Hanks* that the injured party could sue for damages for breach of the covenant not to compete, since the covenant was an independent promise.

Is Appellant's covenant not to compete mutually dependent with Appellees' agreement to pay the full consideration called for under the terms of the promissory notes? Whether covenants are dependent or independent must be determined by the parties' intent as evidenced by the terms of their agreement, and in case of doubt, the court will presume the promises are dependent rather than independent, since such construction ordinarily prevents

one party from having the benefit of his contract without performing his own obligation. *Nutt v. Members Mutual Insurance Company,* 474 S.W.2d 575 (Tex.Civ.App.— Dallas 1971, writ ref'd n.r.e.). Where mutual covenants go to the entire consideration on both sides, so that each covenant is such an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted, they are mutual conditions and dependent, in the absence of clear indications to the contrary. 17A C.J.S. Contracts § 344.

The record does not show the parties clearly indicated the non-competition covenant was to be considered an independent promise; however, the evidence is sufficient for the trial court to have reasonably concluded that Appellees would not have purchased Appellant's interest in the partnership without Appellant's agreement to permanently retire from the practice of public accounting. The trial court could have reasonably concluded that Appellant's agreement to permanently retire was the crux of the parties' agreement, since the interest in the tangible assets acquired through the purchase of Appellant's interest was negligible. The covenants surrounding the transaction were intended to be mutually dependent, and any doubt as to such intent must be resolved against Appellant.

Since the covenant not to compete was mutually dependent with the covenant calling for Appellees' payment of consideration under the terms of the promissory notes, the prerequisite to Appellees' remedy of partial excuse of performance has been satisfied. *Hanks v. GAB Business Services, Inc., supra.* Even though the non-competition agreement is invalid, we hold Appellant's breach of the agreement entitled Appellees to set up a plea of partial failure of consideration as a defense *pro tanto* and to reduce the unpaid balances of the promissory notes to the extent the consideration had partially failed, as found by the jury in special issue 3. We reject Appellant's argument that the reduction of the unpaid principal of the notes due to partial failure of

consideration is equivalent to Appellees recovering monetary damages on an invalid non-competition agreement. To deny Appellees the right to use partial failure of consideration as a defense to Appellant's suit on the notes, merely because the non-competition agreement is invalid as an unreasonable restraint of trade, would allow Appellant to receive the full benefit of his agreement in the face of his breach of the essential covenant.

Appellant's first and second points of error assert the trial court erred in not disregarding the jury's answers to special issues 1(A–D) and 2(A–D), because there is no finding of a contractual agreement by Appellant to permanently retire. We overrule points one and two in light of the jury's answer to special issue 14, which is not attacked on appeal. The jury's answer to special issue 14 found that Appellant agreed to permanently retire from public accounting when he sold his interest to Appellees.

Point three asserts no evidence supports the submission of special issue 3(A–D) and, therefore, the trial court erred in failing to disregard the jury's answers to the issue. Special issue three inquired about the extent of the failure of consideration resulting from Appellant's breach. A no evidence point will be determined on appeal by considering only the evidence and inferences favorable to the verdict and by disregarding all evidence and inferences to the contrary. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981). Appellees' expert witness, a certified public accountant experienced in the valuation of accounting partnerships, gave his opinion on the amount of consideration which failed as a result of Appellant's breach of the non-competition covenant. Although the jury's answers to special issue 3 do not precisely coincide with the amounts in the expert's testimony, such exactitude is not required. *Hindman v. Texas Lime Company*, 157 Tex.

592, 305 S.W.2d 947 (1957). After carefully reviewing the evidence, and applying the appropriate legal test, we hold the evidence is legally sufficient to support the submission of the issue. We overrule point three.

In points four and five, Appellant complains of the failure of the trial court to grant his motion for judgment notwithstanding the verdict, and asserts the trial court erred in overruling his motion to disregard jury findings. In light of our holdings, Appellant was not entitled to judgment as a matter of law, and the trial court did not commit reversible error in overruling his motion to disregard jury findings. We overrule points four and five.

Appellant uses points six, seven and eight to argue the trial court erred in failing to disregard the jury's answers to issues 1(A–D), 2(A–D) and 3(A–D), because Appellant's agreement to permanently retire from public accounting was invalid and void as an unreasonable restraint of trade. Appellant also argues that reduction of the note balances by partial failure of consideration violates the parol evidence rule. We reject this contention because the note balances are properly reduced through the application of an established legal principle and not as the result of oral agreement between the parties. These points are overruled, as we have held Appellant's breach could be used defensively by Appellees to establish a partial failure of consideration.

As all of Appellant's points of error have been overruled, we affirm the judgment.