Mrs. Paul M. (Jewell) HARGIS,
Appellant,

v.

RADIO CORPORATION OF AMERICA,
ELECTRONIC COMPONENTS,
Appellee.

No. 12462.

Court of Civil Appeals of Texas,
Austin.

July 28, 1976.

Samuel D. McDaniel, Austin, for appellant.

Don L. Baker, Austin, for appellee.

SHANNON, Justice.

Appellee, Radio Corporation of America, sued appellant, Jewell Hargis, for $10,000 based upon appellant's guaranty agreement. After trial to the court, the district court of Travis County entered judgment for appellee for $11,825. Included in that sum was $1,825 which represented prejudgment interest.

For a number of years appellee had sold merchandise on open account to Hargis-Austin, Inc., a Texas corporation doing business in Austin. Appellee pleaded that appellant signed the personal guaranty in 1963. By the terms of the guaranty, appellant guaranteed the accounts of the corporation in an amount not exceeding $10,000.

Appellee filed suit against the corporation in the district court of Travis County, and in February, 1975, appellee obtained a judgment against the corporation for $26,133.89.

Appellant's chief defense to the suit on the guaranty was that the guaranty was not supported by consideration.

Appellant's guaranty was in the form of a letter addressed to appellee and signed by appellant. That letter reads as follows:

"Date November 6, 1963

Radio Corporation of America

Gentlemen:

I wish to assist Hargis-Austin, Inc., Austin, Texas, (hereinafter referred to as 'Purchaser'), in perfecting arrangements whereby Radio Corporation of America and its subsidiaries (hereinafter referred to as 'your company') may from time to time sell and deliver merchandise to and render services for Purchaser on open, note or acceptance accounts.

To this end I hereby guarantee such accounts of the Purchaser with your company in an amount not to exceed Ten Thousand Dollars ($10,000), to cover purchases heretofore or hereafter made by the Purchaser from your company.

This guaranty is hereby declared to be a continuing one and shall remain in effect until your company's Credit Department at Harrison, New Jersey shall have received written notice from me of its withdrawal and for twenty-four hours thereafter in order to enable you to communicate its withdrawal to your various departments concerned. The guaranty, after withdrawal, shall of course remain in effect until the full account covered by the guaranty shall have been paid.

I hereby agree that my obligation under this guaranty shall be in no wise affected by any extension of time for the payment of any account at any time owing by the Purchaser to your company, and that it shall not be necessary to notify me of any

such extension or furnish me with copies of invoices, orders or statements of accounts.

The obligation I hereby undertake shall be original and primary and it shall not be necessary for your company to have judgment or execution against the Purchaser as a condition to the enforcement of my liability under this guaranty.

Notice of acceptance of this guaranty is hereby waived. The guaranty shall become effective from its date and shall be construed to operate in favor of your company, its successors and assigns.

Very truly yours,

/s/ Mrs. Paul M. Hargis "

Appellant seeks to overturn the judgment by four points of error. Points of error one and two are that there was no evidence of consideration for the guaranty. We will overrule those points for the following reasons.

■ Like any contract, a guaranty agreement is not binding without consideration. *Simmang v. Farnsworth*, 24 S.W. 541 (Tex.Civ.App.1893, no writ). If the promise of the guarantor is made contemporaneous to the promise of the primary debtor, the consideration which supports the primary debtor's promise also supports that of the guarantor. To the contrary, if the guaranty is made subsequent to the original transaction, the guarantor's promise must be supported by new consideration. Simpson, *Suretyship*, § 26 (1950).

■ The existence of a written contract presumes consideration for its execution. *Wright v. Robert & St. John Motor Co.*, 122 Tex. 278, 58 S.W.2d 67 (1933). The party alleging want of consideration has the burden of proof. 18 Texas L.Rev. 83 (1939). Once evidence to the contrary of the presumption is introduced, the presumption disappears. *Sudduth v. Commonwealth County Mutual Ins. Co.,*, 454 S.W.2d 196 (Tex.1970).

■ Consideration for a guaranty agreement usually consists of either the sufferance of a detriment by the creditor or a benefit conferred by the creditor on the primary debtor. *McWhorter v. First State Bank of Wylie*, 11 S.W.2d 808 (Tex.Civ.App. 1928, writ ref'd).

■ We are of the view that the guaranty was supported by consideration in that appellee conferred a benefit on Hargis-Austin, Inc. Appellee contends correctly that it is not necessary that consideration for the guaranty pass to the guarantor, appellant Hargis, for it is sufficient consideration if the primary debtor receives some benefit. *Bonner Oil Co. v. Gaines*, 108 Tex. 232, 191 S.W. 552 (1917), Stearns & Elder, *The Law of Suretyship* § 2.7 (1951).

■ Appellant argues that Hargis-Austin did not benefit from the $10,000 personal guaranty because at the time it was given, appellee was already extending credit for $55,000. We find appellant's argument unacceptable for two reasons. First, each delivery of merchandise after the guaranty agreement was an extension of new credit. Even if the corporation had paid off past debts simultaneously with each new delivery and the total outstanding obligation had not increased, there was new credit extended on each new item, and as a result, the corporation benefited from each delivery. Secondly, appellant testified that after the guaranty was signed, the total amount of credit extended to the corporation had increased from about $55,000 to about $70,-000.

Appellant's points of error three and four complain of appellee's recovery of $1,825 in prejudgment interest. As we understand, the district court entered judgment for interest on the guaranty beginning from January 1, 1973. We will reverse that part of the judgment for the following reason.

■ The guarantor is generally liable for interest on the debt from the time of default by the principal debtor. Interest is justified because the guarantor puts himself in the place of the primary debtor and agrees to perform all that the primary debtor is liable for. Stearns & Elder, *The Law of Suretyship* § 4.19 (1951).

■ In general, if the amount of the guaranty is liquidated and there is no pre-

determined time for maturity of the debt, interest is due from the date of demand on the primary debtor. If no demand is made on the primary debtor, the filing of suit against the guarantor operates as a demand and fixes the date from which interest will be figured. Stearns & Elder, *The Law of Suretyship* § 4.19 (1951), *Walton v. Washington County Hospital Association*, 178 Md. 446, 13 A.2d 627 (1940).

In the case at bar, the guaranty agreement was for a liquidated sum and the agreement did not provide when the guarantor's liability arose. The statement of facts shows no demand for payment on the primary debtor other than the fact that appellee filed suit against the primary debtor on December 10, 1974. We are of the opinion that appellee's filing the suit on December 10, 1974, operated as a demand on the primary debtor and that interest on the guaranty should be calculated from that date.

The judgment for appellee for $10,000 is affirmed. That part of the judgment awarding appellee $1,825 for interest is reversed and is remanded to the district court for entry of judgment for interest calculated from December 10, 1974.

Affirmed in Part and Reversed and Remanded in Part with Instructions.