**William C. GOOCH, Appellant,**

v.

**AMERICAN SLING COMPANY, INC., Appellee.**

No. 2–94–205–CV.

Court of Appeals of Texas, Fort Worth.

June 29, 1995.

Richard E. McGary, Robert F. Jones, Jr., Arlington, for appellant.

Donald T. Smith, Philip H. Trew, Law Office of Donald T. Smith, P.C., Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

American Sling Co., Inc., Appellee, initially brought suit on a debt owed by William C. Gooch, Appellant. In a bench trial, the court found for Appellee and ordered Appellant to pay $4,282.42 for the debt and $3,754.74 in attorney fees. In seven points of error, Appellant complains that the trial court erred by finding that a guaranty agreement signed by Appellant was supported by consideration, that Appellant signed the guaranty voluntarily, and that Appellee was entitled to attorney fees. We affirm.

Appellant was President of Car Stackers, International, Inc. ("Car Stackers"). Car Stackers maintained a business relationship with Appellee, but had failed or delayed making payments to Appellee for goods sold over a period of time. In July 1993, Appellant signed a guaranty agreement that made him personally liable for the debt owed by Car Stackers. The guaranty stated that payment of the debt was due on or before August 1, 1993. When neither Car Stackers nor Appellant paid the debt by August 1, Appellee sent a demand letter to Appellant. Appellant sent a letter reaffirming his intent to pay, but the payment was never made. Appellee sued both Car Stackers and Appellant. The trial court found for Appellee.

### STANDARDS OF REVIEW

All of Appellant's points of error address the sufficiency of the evidence at trial, and the related conclusions of law. The points of error allege that the evidence was established as a matter of law, that there was no evidence to support the findings of the trial court, that the trial court's findings were against the great weight and preponderance of the evidence, and that there was factually insufficient evidence to support findings of the trial court. All of these points of error were raised without addressing the appropriate burden of proof on the issues at the trial level. Because two of Appellant's points of error appear to confuse the appropriate standard of appellate review as applied to Appellant's burden of proof in the trial court, we shall, therefore, review the proper handling of sufficiency points of error.

### LEGAL SUFFICIENCY POINTS

▮ Legal sufficiency points are addressed as either "no evidence" or "matter of law" points. If the complaining party has the burden of proof at trial, then the error is to be addressed as a "matter of law" point. If the complaining party does not have the burden of proof, then the error is to be

addressed as a "no evidence" point. *Croucher v. Croucher,* 660 S.W.2d 55 (Tex.1983); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 275 (Tex.App.— Amarillo 1988, writ denied).

■ In determining a "no evidence" point, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex. 1992); *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993).

■ A "no evidence" point of error may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.,* 793 S.W.2d 660, 666 n. 9 (Tex. 1990); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361 (1960). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *Orozco,* 824 S.W.2d at 556.

■ If an appellant is attacking the legal sufficiency of an adverse answer to a finding on which he had the burden of proof, the Texas Supreme Court has stated that the appellant must, as a matter of law, overcome two hurdles. *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 940 (Tex.1991). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finding er's answer, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.; Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989).

### FACTUAL SUFFICIENCY POINTS

■ Like legal sufficiency, factual sufficiency points depend on who has the burden of proof. If the party attacking the adverse finding had the burden of proof, then he must show that the finding was against the "great weight and preponderance" of the evidence. If the party attacking the adverse finding did not have the burden of proof, then he must show that the evidence was insufficient to support the adverse finding. *Croucher,* 660 S.W.2d at 58; *Raw Hide,* 766 S.W.2d at 275.

■ An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or that the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination and, if reversing, to detail that evidence in the opinion. *Jaffe Aircraft Corp. v. Carr,* 867 S.W.2d 27, 29 (Tex.1993).

■ In reviewing a point of error asserting that an answer is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence that tends to prove the existence of a vital fact as well as evidence that tends to disprove its existence. *Ames v. Ames,* 776 S.W.2d 154, 158–59 (Tex. 1989), *cert. denied,* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). So considering the evidence, if a finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959); *In re King's Estate,* 244 S.W.2d at 661.

## HOLDING

 Appellant's first and second points of errors complain of the findings of fact made by the trial court. Appellant's third point of error complains that the trial court erred in concluding that the guaranty was supported by consideration. Specifically, Appellant argues that the evidence established, as a matter of law, that there was no consideration given for the guaranty. Appellant argues, in the alternative, that the failure to find that there was no consideration given for the guaranty was against the great weight and preponderance of the evidence. Appellant also alleges that the there was no evidence and insufficient evidence to support the findings of the trial court.

 Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Arena v. Arena,* 822 S.W.2d 645, 650 (Tex.App.—Fort Worth 1991, no writ); *Raposa v. Johnson,* 693 S.W.2d 43, 45 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.).

 A guaranty agreement is a contract in which one party agrees to be responsible for the performance of another party even if he does not have direct control. A written contract presumes that there was consideration given for its execution. *See Wright v. Robert & St. John Motor Co.,* 122 Tex. 278, 282, 58 S.W.2d 67, 69 (1933); *Hargis v. Radio Corp. of America, Electronic Components,* 539 S.W.2d 230, 232 (Tex.Civ. App.—Austin 1976, no writ). The burden of proof was on Appellant to show that there was a failure of consideration. *Maykus v. Texas Bank & Trust Co.,* 550 S.W.2d 396, 398 (Tex.Civ.App.—Dallas 1977, no writ). Because Appellant had the burden of proof, it was not appropriate for him to allege that there was no evidence and insufficient evidence to support the fact finding. Accord-

ingly, we overrule point of error two and will address points of error one and three.

 Appellant and Appellee entered into the guaranty agreement independently of the transaction that resulted in the debt owed to Appellee. If a guaranty is entered into independently of the transaction that caused the obligation, then the guaranty must be supported by consideration independent of the obligation. *Fourticq v. Fireman's Fund Ins. Co.,* 679 S.W.2d 562, 564 (Tex.App.—Dallas 1984, no writ). Consideration for a guaranty agreement usually consists of either the suffering of a detriment by the creditor or a benefit conferred on the primary debtor. *Id.*

Both Appellant's and Appellee's arguments rely on the trial testimony of James Fletcher, president of American Sling. Appellee argues that Fletcher's testimony that the intent of the guaranty agreement was to extend the due date of the past due invoices until August 1, 1993, demonstrates that Appellee intended to postpone enforcement of the debt. Appellee also contends that Fletcher's testimony that the guaranty would allow Appellant to continue doing business with Appellee on a cash on delivery basis conferred a benefit on Appellant.

Appellant counters that Fletcher's testimony that Appellee waived no right to enforce the past due debt against Car Stackers demonstrates that Appellee did not intend for there to be a postponement of enforcement on the past due invoices. Appellant also argues that no benefit was conferred because Appellant and Appellee did not do any business after the guaranty was signed.

 Postponement of enforcement of a debt has been held to be sufficient consideration. *Swofford v. Tri–State Chemicals, Inc.,* 764 S.W.2d 24, 26 (Tex.App.—El Paso 1989, writ denied). Furthermore, an agreement to continue doing business with a party confers a benefit on that party. *See Hargis,* 539 S.W.2d at 232. We find that there was evidence to support the finding of the trial court that the guaranty agreement was supported by consideration. We further find that the evidence was not contrary to the great weight and preponderance of the evi-

## 186

dence. Appellant's points of error one and three are overruled.

■ Appellant's points of error four through six allege that the trial court erred in finding that Appellant did not sign the guaranty agreement under duress. Appellant contends that he only signed the guaranty after Appellee told Nova Lift, a company doing business with Appellant, that Appellee would not turn over a shipment of materials prepaid by Nova Lift unless Appellant paid the past due invoices or signed a personal guaranty.

■ Duress is an affirmative defense that must be pled and proved by the one claiming the defense. TEX.R.CIV.P. 94. Thus, the burden of proof was on Appellant to show that he was under duress when he signed the guaranty agreement. Because Appellant had the burden of proving that he signed the guaranty under duress, it was inappropriate for him to allege that the there was no evidence or that there was factually insufficient evidence. Thus, we will only address points of error four and six. Point of error five is overruled.

Duress can be shown by proving the following:

■ there is a threat to do some act which the party threatening has no legal right to do. [2] Such threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. [3] The restraint caused by such threat must be imminent. [4] It must be such that the person to whom it is directed has no present means of protection. [5] Where a demand made is wrongful or unlawful, and it is necessary for the party making such demand to resort to the courts to enforce same, there is no duress, for the one upon whom demand is made has adequate means of protection, and there is no imminent restraint. [6] But where the party making such demand has, or is supposed to have, the power to injure the business or property interests of the one upon whom such demand is made, without resort to the

courts to enforce the demand, and threatens to do an act which would cause such injury, and which he has no right to do, and thereby induces a compliance with his demand, [7] against the will of such party through fear of injury to his business or property interests, such threats amount to duress, [8] if it appears that the party making such demand and threat ought not in good conscience to retain the benefit received by reason thereof.

*Dale v. Simon,* 267 S.W. 467, 470 (Tex. Comm'n App.1924, judgm't adopted) (citations omitted).

Appellant contends that he was forced to sign the guaranty so that Nova Lift could get their shipment. Appellant did testify that he talked to Fletcher about signing a guaranty prior to the actual signing. However, Appellant maintained that he never agreed to sign the guaranty. Appellant testified that Charles Shields, a manager for American Sling, told him that he had been instructed by Fletcher not to turn over the shipment to Nova Lift unless Appellant signed the guaranty. Appellant also testified that when he signed the guaranty, he told Shields, "You've got me over a barrel and I'm signing under protest."

Andy Cauthen, CEO of Nova Lift, stated in an affidavit that Nova Lift had placed an order with Appellee and had agreed to pay for the order in advance. Cauthen stated that when they attempted to pick up the order, they were told that the order would not be released until Appellant either paid the past due invoices or personally guaranteed payment on the invoices. Cauthen stated that Gooch signed the personal guaranty, under protest, after Nova Lift "appealed" to him to "accommodate American Sling's demands."

However, Fletcher testified that Appellant agreed to sign the guaranty a week before he actually signed it. Furthermore, Appellant went to American Sling to sign the agreement. Fletcher testified that it was arranged for Appellant to sign the agreement on the day in question because it was assumed that Appellant would be coming to the office to pick up the Nova Lift order. Fletcher testified that after the August 1st

due date, he sent Appellant a demand letter. Appellant responded by sending a letter reaffirming his intention to pay the debt.

Charles Shields testified that he never told Appellant or Nova Lift that Nova Lift would not receive the order unless Appellant signed the guaranty. Shields also testified that Fletcher did not leave directions to withhold the Nova Lift order. Shields testified that Appellant did say something like, "I guess I'm over a barrel," but that he had no idea what Appellant was talking about. Shields denied that he heard Appellant say anything else.

Appellant also testified that his signature was evidence of his disagreement with having to sign the guaranty. Appellant testified that he was known as William C. Gooch and signed all documents, "William C. Gooch." However, Appellant points out that he signed the guaranty agreement, "Bill Gooch," thus demonstrating that he was signing it under protest. However, the record shows that throughout trial, Appellant was constantly referred to as "Bill." In fact, his own attorney referred to him as "Bill Gooch."

The issue of duress actually boils down to the credibility of the witnesses. Witnesses for Appellant testified that Appellee refused to turn over the Nova Lift order unless Appellant signed the guaranty. Witnesses for Appellee testified that there was never any mention of withholding the Nova Lift order.

The fact finder determines the credibility of the witnesses and the weight to be given the testimony of each. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986). Absent a clear abuse of discretion, the findings of facts will not be disturbed. We hold that Appellant failed to prove duress as a matter of law. We further hold that the trial court's finding was not against the great weight and preponderance of the evidence. Appellant's fourth and sixth points of error are overruled.

Appellant's seventh point of error, regarding attorney fees, is premised upon sustaining any of Appellant's first six points of error. Because we have overruled those points of error, point of error seven is also overruled.

The judgment of the trial court is affirmed.