Sutherland v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-341-CV

FRED DOUGLAS SUTHERLAND APPELLANT

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE 90
TH
 DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Fred Douglas Sutherland, pro se, appeals from the trial court’s denial of his petition for expunction.  In four issues, he complains that he was not given sufficient notice of the hearing on his petition, he was effectively denied his fundamental right of access to the courts, the trial court’s errors caused the rendition of an improper judgment and prevented him from properly presenting his case on appeal, and the trial court’s denial of his petition is contrary to the evidence, legislative intent, and the law.  We will affirm.

On September 17, 1991, appellant was arrested for criminal trespass and resisting arrest.  Pursuant to a plea bargain in the resisting arrest case, appellant pleaded guilty to the lesser offense of disorderly conduct
(footnote: 2) in exchange for dismissal of the criminal trespass charge.  The trial court adjudicated appellant guilty of disorderly conduct, assessed a $500 fine, which appellant paid, and dismissed the criminal trespass charge.  

In September 2002, appellant petitioned for expunction of all records pertaining to the criminal trespass and resisting arrest charges.  Appellant, who was incarcerated at the time, was bench warranted back to the trial court for a hearing on his expunction petition.  After the hearing, the trial court denied appellant’s petition.  This appeal followed.

In his first issue, appellant complains that the trial court violated the code of criminal procedure and the rules of civil procedure by setting his expunction petition for hearing less than thirty days after it was filed.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 55.02, § 2(c) (Vernon Supp. 2004) (providing that trial court shall set hearing no sooner than thirty days from filing of petition); 
Tex. R. Civ. P.
 245 (providing that trial court may schedule first setting of contested case on reasonable notice of not less than forty-five days).  This complaint is waived because it was not raised in the trial court.  
Tex. R. App. P.
 33.1(a); 
see Dow Chem. Co. v. Francis,
 46 S.W.3d 237, 241 (Tex. 2001).  Instead, when the trial court asked appellant if he was ready to proceed on his motion, appellant responded, “Yes.”  We overrule appellant’s first issue.

In his fourth issue, appellant complains that the trial court’s order denying his petition is against the weight of the evidence and contrary to both legislative intent and relevant case law.  The expunction statute was enacted to allow persons wrongfully charged to expunge their arrest records.  
Tex. Dep’t of Pub. Safety v. Butler,
 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no writ).  The right to an expunction is neither a constitutional nor common law right, but, rather, a statutory privilege.  
Quertermous v. State
, 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.); 
Ex parte Myers
, 24 S.W.3d 477, 480 (Tex. App.—Texarkana 2000, no pet.).  Although article 55.01 is included in the code of criminal procedure, an expunction proceeding is civil rather than criminal in nature; therefore, the burden of proving compliance with the statute is on the petitioner rather than the State.  
Tex. Dep’t of Pub. Safety v. Mendoza,
 952 S.W.2d 560, 562 (Tex. App.—San Antonio 1997, no writ); 
Tex. Dep’t of Pub. Safety v. Katopodis,
 886 S.W.2d 455, 457 (Tex. App.—Houston [1
st
 Dist.] 1994, no writ).

At the time of appellant’s 1991 arrest, article 55.01 provided that a person arrested for the commission of either a felony or misdemeanor was entitled to have all records and files relating to the arrest expunged if each of the following three conditions existed:

(1)  an indictment or information charging him with commission of a felony had not been presented against him for an offense arising out of the transaction for which he was arrested;

(2)  he had been released and the charge, if any, had not resulted in a final conviction and was no longer pending and there was no court ordered community supervision under article 42.12 of the code of criminal procedure; and

(3) he had not been convicted of a felony in the five years preceding the date of the arrest.
(footnote: 3)

In this case, the trial court’s ruling was not against the great weight and preponderance of the evidence,
(footnote: 4) or contrary to law, because appellant failed to introduce any evidence that he had not been convicted of a felony in the five years preceding his arrest.  Although the verification of appellant’s petition for expunction includes his statement that he had not been convicted of any felony offenses in the five years preceding his 1991 arrest, this averment is not evidence.  
See Mendoza,
 952 S.W.2d at 562-63 (holding that verified petition, alone, is not evidence of compliance with article 55.01).  We overrule appellant’s fourth issue.

In his second issue, appellant contends that he was effectively denied his fundamental right of access to the courts because he was not sworn so that he could testify at the hearing, and because his complaints concerning the prehearing confiscation of his legal work and reference materials went unheeded by the trial court.  Appellant asserts that his confiscated materials contained  “substantial items of evidence” that he had intended to proffer at the hearing, including evidence of his lack of felony convictions prior to 1991.  In his third issue, appellant complains that the trial court’s errors caused the rendition of an erroneous judgment and prevented him from properly presenting his case on appeal.  

Prisoners have the constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts.  
Hudson v. Palmer,
 468 U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984);  
Nichols v. Martin,
 776 S.W.2d 621, 623 (Tex. App.—Tyler 1989, no writ).  The right to be heard includes the opportunity to introduce evidence, to cross-examine witnesses, to be heard on questions of law, and to have judgment rendered only after trial.  
Nichols,
 776 S.W.2d at 623.  

The record in this case does not show that appellant was denied the right of access to the courts.  As the hearing began, the trial court promised to give appellant some leeway because he was not an attorney.  The court then guided appellant through the hearing, giving him several opportunities to explain why he was entitled to have his records expunged, providing him the code of criminal procedure upon request, and allowing him to rebut the State’s arguments.  At no time during the hearing did appellant ask to testify or cross-examine witnesses, nor did he attempt to introduce evidence or argue that he had not been convicted of a felony in the five years preceding his 1991 arrest.  Further, appellant did not make the trial court aware of the alleged confiscation of his legal materials and evidence prior to the hearing.
(footnote: 5)  The only allusions he made at trial to the matters about which he now complains were as follows:

•Concerning his arrest record:  “I’m sorry, I don’t have it in front of me,” after which the trial court explained what charges the record showed and appellant agreed.
(footnote: 6)  

•In response to the State’s argument:  “May I offer rebuttal?  May I see the Code of Criminal Procedure, please?” after which he was provided a copy of article 55.01 and made arguments based on it.

•”I have all the—if they had allowed me to bring any of my—I don’t even have a toothbrush.  I have all the case law in all of this.”

These comments were not sufficiently specific to put the trial court on notice that appellant was either complaining that his legal materials had been confiscated or requesting their return.  
See
 
Tex. R. App. P.
 33.1(a).  Based on this record, we hold that the trial court did not deprive appellant of his right to the courts.  Accordingly, we overrule appellant’s second and third issues and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: November 20, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Resisting arrest is a Class A misdemeanor or third-degree felony, depending upon the circumstances of the offense, and disorderly conduct is a Class B or Class C misdemeanor.  
Tex. Penal Code Ann.
 § 38.03(c)-(d) (Vernon 2003),
 § 42.01(d) (Vernon Supp. 2004).

3:
See
 Act of May 29, 1989, 71
st
 Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Laws 3666, 3666-67 (amended 1993, 1999, 2001, 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 55.01(a)(2) (Vernon Supp. 2004)).

4:
When the party with the burden of proof challenges the factual sufficiency of the evidence to support a fact-finding, we review all of the evidence to determine whether the finding is against the great weight and preponderance of the evidence.  
Ames v. Ames,
 776 S.W.2d 154, 158-59 (Tex. 1989), 
cert. denied,
 494 U.S. 1080 (1990); 
Gooch v. Am. Sling Co.,
 902 S.W.2d 181, 184 (Tex. App.—Fort Worth 1995, no writ).

5:
Indeed, there is no evidence to support appellant’s complaint that his materials were confiscated.  Appellant also asserts that the reporter’s record “does not reflect [his] complaints to the trial court of being denied his legal materials.”  We decline to conclude, based on this bald assertion alone, that the court reporter recorded only part of the hearing on appellant’s petition.

6:
The State also proffered certified copies of the complaint and plea agreement concerning the resisting arrest charge and a copy of the motion to dismiss the criminal trespass charge.  These documents were given to appellant to review.