IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00223-CV

 

James Edward Kibodeaux, Jr.,

                                                                      Appellant

 v.

 

Mary Katherine Musslewhite,

                                                                      Appellee

 

 

 



From the 1A District Court

Jasper County, Texas

Trial Court No. 24764

 



MEMORANDUM  Opinion



 

Introduction

          In eight sufficiency of the evidence
issues, Appellant James E. Kibodeaux, Jr. appeals the trial court’s property
division in the divorce decree.  The trial court ordered that, as a part of the
division of the parties’ estates, Kibodeaux pay Appellee Mary K. Musslewhite,
his ex-wife, on her reimbursement claim for two sums of money relating to
property damage to her travel trailer and its contents and its depreciation. 
We will modify the decree and affirm it as modified.

 

Background

          Kibodeaux and Musslewhite married on
April 27, 2003.  At that time, Musslewhite owned a forty-foot 2000 Hyline
travel trailer, which she acquired in May 2002.  Kibodeaux took possession of the
trailer on May 1, 2003 and lived in it while traveling for his employment
(including to Texas City, Texas and Canton, Ohio for several months), for which
he received a per diem lodging allowance.  He gave up possession of the travel
trailer to Shell Credit Union, the lienholder, on November 10, 2003, when Shell
sought to repossess it.  

When Kibodeaux turned over possession of the
travel trailer to Shell, it had been damaged when Kibodeaux attempted to drive
it under Shell’s drive-through bank facility, whose awning was too low to allow
the travel trailer to pass under it.  Kibodeaux claimed that the collision was
not his fault because he was only following the directions of Shell employees. 
The trailer’s roof and an air-conditioning unit were damaged in the amount of
$9,025.06, according to Musslewhite.  Musslewhite testified that the trailer was
going to depreciate in value and testified without objection that the repairman
who was repairing the trailer told her it would depreciate.

          Musslewhite also claimed that when
Kibodeaux returned the travel trailer, it had been stripped of most of its contents
(items such as the mattress, appliances, kitchen and bath accessories, and the
like).  The trial court admitted into evidence (without objection) an itemized
list of the missing contents and their respective damage amounts.  She
testified that the trailer’s contents were there in April 2003, when she lived
in it.  And when she last saw it (the end of July 2003) before Kibodeaux
returned it to Shell, the missing contents were still in the trailer.  Gary
Daigle, who had previously rented the trailer from Musslewhite and returned it
to her at the end of March 2003, described the trailer as “very nice” and
“fully equipped.”  Daigle said that when he returned the trailer to her in
March 2003, it had all of its contents.

          Kibodeaux testified that he took possession
of the trailer in early June 2003, and when he took it, Musslewhite had removed
most of the items (e.g., bed linens, towels, vacuum cleaner) that she
claimed were missing, and that other items were taken in a burglary of the
trailer.  He said that the trailer’s value at the time of marriage was roughly
$24,000 and that once the damage to it was repaired, its value will still be
approximately $24,000 and it will not have depreciated in value.  Kibodeaux
admitted that he put approximately 2,500 to 2,800 miles on the trailer.

          In her First Amended Petition for
Divorce, Musslewhite pled a claim for reimbursement to her separate estate for
funds or assets that she spent to repair her separate property (the travel
trailer) that had been damaged, destroyed, or removed by Kibodeaux.  See
Tex. Fam. Code Ann § 3.408 (Vernon Supp. 2004-05).  She asserted that failure to allow reimbursement would result in
an unjust enrichment of Kibodeaux’s separate estate at the expense of her
separate estate.  See id. § 7.007(b).

As a part of the division of the marital estate,
the trial court ordered Kibodeaux to pay Musslewhite $4,015.98 for the missing
trailer contents, $500 for her insurance deductible, and $3,000 for depreciation
in the trailer’s value.

Standard of Review

          In eight issues, Kibodeaux asserts
that the evidence is legally and factually insufficient to support the trial
court’s order that Kibodeaux, as a part of the division of the parties’
estates, pay Musslewhite $4,015.98 for the missing trailer contents and $3,000
for depreciation in the trailer’s value.  No findings of fact or conclusions of
law were requested or filed.  

          In a trial to the court where no
findings of fact or conclusions of law are requested or filed, the judgment of
the trial court implies all necessary findings of fact in support of it.  See
Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).  But if a
complete reporter’s record is filed (as there is in this case), these implied
findings may be challenged by both legal and factual sufficiency of the
evidence issues in the same manner as challenging jury findings or the trial
court’s findings of fact.  See Roberson v. Robinson, 768 S.W.2d 280, 281
(Tex. 1989).

When the party without the burden of proof at
trial complains of the legal sufficiency of the evidence to support an
unfavorably answered jury finding or an adverse express or implied finding, we
are to consider only the evidence and inferences that tend to support the
finding and disregard all evidence and inferences to the contrary.  Leitch
v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996); Gooch v. American Sling
Co., 902 S.W.2d 181, 183-84 (Tex. App.—Fort Worth 1995, no writ).  A
no-evidence issue may only be sustained when the record discloses one of the
following:  (1) a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a mere scintilla of evidence; or (4) the evidence establishes
conclusively the opposite of a vital fact.  Juliette Fowler Homes, Inc. v. Welch Assoc., Inc., 793 S.W.2d 660, 666 n.9 (Tex. 1990) (citing
Robert W. Calvert, No Evidence and Insufficient Evidence Points of Error,
38 Tex. L. Rev. 361, 362-63
(1960)); William Powers, Jr. & Jack Ratliff, Another
Look at No Evidence and Insufficient Evidence, 69 Tex. L. Rev. 515, 517-19 (1991).

If more than a scintilla of evidence supports
the finding, the claim is sufficient as a matter of law, and any challenges go
merely to the weight to be accorded the evidence.  Leitch, 935 S.W.2d at
118.  “More than a scintilla of evidence exists where the evidence supporting
the finding, as a whole, rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.”  Burroughs Wellcome Co.
v. Crye, 907 S.W.2d 497, 499 (Tex. 1995) (citations omitted).

When the party without the burden of proof at
trial complains of the factual sufficiency of the evidence to support an
unfavorably answered jury finding or an adverse express or implied finding, we
must consider and weigh all of the evidence, not just the evidence that
supports the verdict.  Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402,
406-07 (Tex. 1998); Checker Bag Co. v. Washington, 27 S.W.3d 625, 633
(Tex. App.—Waco 2000, pet. denied).  We may not pass upon the witnesses’
credibility or substitute our judgment for that of the trier of fact, even if
the evidence would clearly support a different result.  Ellis, 971
S.W.2d at 406-07; Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).  We will set aside the finding only if it is so contrary to the overwhelming
weight of the evidence that the finding is clearly wrong and unjust.  Ellis,
971 S.W.2d at 407; Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
Reversal can occur because the finding was based on weak or insufficient
evidence or because the proponent's proof, although adequate if taken alone, is
overwhelmed by the opponent's contrary proof.  Checker Bag, 27 S.W.3d at
633 (citing Powers & Ratliff, 69 Tex.
L. Rev. at 519 n.11).

In evaluating a claim regarding
sufficiency of the evidence, the same standard is used for a bench trial as for
a jury trial.  Hitzelberger v. Samedan Oil Corp., 948 S.W.2d 497, 503
(Tex. App.—Waco 1997, pet. denied) (citing Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996)).

          A trial court resolves claims for
reimbursement under equitable principles.  Tex.
Fam. Code Ann § 3.408(c).  Permissible reimbursement may run from
community estate to separate estate, from separate estate to community estate,
and from separate estate to separate estate.  See Alsenz v. Alsenz, 101
S.W.3d 648, 655 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing Dakan
v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 627 (1935)).  The party seeking
reimbursement has the burden of proving entitlement to it.  Jensen v. Jensen,
665 S.W.2d 107, 110 (Tex. 1984).  A trial court’s discretion in evaluating a
claim for reimbursement is as broad as that discretion exercised by a trial
court in making a just and right division of the community estate.  Penick
v. Penick, 783 S.W.2d 194, 198 (Tex. 1988); Alsenz, 101 S.W.3d at
655.

Analysis

The Trailer’s Contents

          In his first four issues, Kibodeaux
attacks the legal and factual sufficiency of the evidence supporting the trial
court’s order that Kibodeaux, as a part of the division of the parties’
estates, pay or reimburse Musslewhite $4,015.98 for the missing trailer
contents.  He asserts that there was no evidence or insufficient evidence of
the value of the missing contents.  

Musslewhite and Daigle both testified about the
condition of the trailer and many of its contents, and Musslewhite’s itemized
list assigned damage values to each item.  This evidence, and reasonable
inferences drawn from it, was legally and factually sufficient to support the
trial court’s implied finding, and the trial court thus did not abuse its
discretion in ordering that Kibodeaux reimburse Musslewhite $4,015.98 for the
missing trailer contents for purposes of her reimbursement claim under sections
3.408 and 7.007 of the Family Code.  We overrule Kibodeaux’s first four issues.

Depreciation

In his second four issues, Kibodeaux attacks the
legal and factual sufficiency of the evidence supporting the trial court’s
order that Kibodeaux, as a part of the division of the parties’ estates, pay or
reimburse Musslewhite $3,000 for depreciation in the value of the trailer.  He
asserts that there was no evidence or insufficient evidence of the amount of
the trailer’s depreciation.

In her brief, Musslewhite asks us to affirm the
decree only as to the missing trailer contents and the deductible, and she
presents no argument in response to Kibodeaux’s second four issues.  Thus, we sustain
Kibodeaux’s second four issues and modify the part of the decree ordering
Kibodeaux to pay Musslewhite $3,000 for the trailer’s depreciation by deleting
that part.  We affirm the decree as modified.

Conclusion

          The evidence is legally and factually
sufficient to support the trial court’s implied findings, and the trial court
did not abuse its discretion as to the trailer contents.  After modifying the
decree to delete the order that Kibodeaux pay Musslewhite $3,000 for the
trailer’s depreciation, we affirm the trial court’s final decree of divorce as
modified.

 

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting and concurring)

Modified
and affirmed 

Opinion
delivered and filed July 13, 2005

[CV06]






Times"'> 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed January 5, 2005

Do not publish

[CR25]