NUMBER 13-04-269-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

KNAPP MEDICAL CENTER, INC.,                                        Appellant,

 

                                                             v.

 

JAVIER E. DE LA GARZA AND

JAVIER E. DE LA GARZA, M.D., P.A.,                                           Appellees.

 

     On
appeal from the 332nd District Court of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








After reaching a settlement agreement in the
underlying cause,[1]
appellees, Javier E. De La Garza, M.D., and Javier E. De La Garza, M.D., P.A.,
sued appellant, Knapp Medical Center, Inc., for fraud and breach of the
settlement agreement.  Following a bench
trial, the trial court rendered judgment in favor of appellees and awarded
damages in the amount of $200,000.00, court costs, and $80,000.00 in attorney=s fees to appellees. 
In six issues, appellant contends (1) there was no valid rule 11
agreement between the parties by which appellant agreed to pay appellees
$200,000.00; (2) the trial court improperly allowed appellees= counsel, Ramon Garcia, to testify; (3) the trial
court erred in permitting Garcia=s  testimony
because it violated the parol evidence rule; (4) there is no evidence to
support the trial court=s finding of fraud because there is no evidence of a
material misrepresentation or reliance; (5) appellees= claims are barred by the release; and (6) the trial
court erred in awarding attorney=s fees because there was no presentment of the
claim.[2]  We affirm.

                                                                I.  Background 









On September 15, 2000, the parties to the underlying
case advised the trial court that a settlement had been reached.  Counsel for the parties explained the terms
of the settlement to the court, and the trial court accepted the
settlement.  It is undisputed that
pursuant to the settlement, appellant=s insurance carrier agreed to pay, and appellees
agreed to accept, the sum of one million dollars.  The central issue in the present case,
however, is whether the settlement agreement also included appellant=s agreement to pay an additional sum of
$200,000.00.  Appellees contend that
appellant=s counsel represented that he had authority to offer
$200,000.00 towards settlement from appellant (in addition to the one million
from the carrier), and that therefore, the settlement agreement included
appellant=s agreement to pay $200,000.00.  Appellant contends (1) the settlement
agreement did not include appellant=s agreement to pay $200,000.00 to appellees, and (2)
that appellees knew  appellant was not
going to contribute any monies to the settlement at the time they executed a
release of all claims on October 2, 2000. 
After appellant refused to pay appellees $200,000.00, appellees filed
suit for fraud and breach of the settlement agreement.  As noted, the central issue is whether the
September 15, 2000 settlement agreement, disclosed in open court, included
appellant=s agreement to pay appellees $200,000.00.  The trial court found that it did and awarded
judgment in favor of appellees.  The
trial court also issued findings of fact and conclusions of law, which
included, among other things:

3.  On or
about September 14, 2000, Rex Leach, agent for Knapp Medical Center, Inc.,
entered into agreement with Ramon Garcia to settle the case for $1,200,000.00.

. . . .

 

5.  On or
about September 14, 2000, Rex Leach, agent for Knapp Medical Center, Inc.[,]
made a material representation, that he knew was false or made the
representation recklessly, as a positive assertion, and without knowledge of
its truth, to Plaintiffs that he had authority for $200,000.00 of Knapp Medical
Center monies to contribute towards settlement of the case and that the case
would settle for $1,200,000.00 if the Defendant=s
insurance carrier tendered its $1,000,000.00 policy limits.

. . . .

 

18.  The
Settlement Transcript dated September 15, 2000, provides that Rex Leach told Ramon
Garcia that he had authority for $200,000.00 of Knapp Medical Center monies to
contribute towards settlement of the case. 


. . . .

 








21.  A valid contract existed between Plaintiffs
and Defendant to settle the case, the Plaintiffs performed or tendered
performance, the Defendant breached the contract, and the Plaintiffs were
damaged as a result of the breach.  

.
. . .

 

25.  The claims asserted by the Plaintiffs in this
cause are not barred by the Full and Complete Release executed by the
Plaintiffs on October 2, 2000 in Cause No. C-3066-95-G, in the 370th Judicial
District Court of Hidalgo County, Texas, styled Javier E. De La  Garza, et al v. Knapp Medical Center,
Inc.  

.
. . .

 

31.  Plaintiffs incurred reasonable and necessary
attorneys= fees in the amount of $80,000.00 in prosecution of
this case. 

 

This appeal ensued. 


                        II.  Admission of Counsel=s Testimony 

We will review
appellant=s issues in a logical rather than sequential
order.  Thus, we begin by addressing
appellant=s arguments that the trial court improperly
permitted appellees= counsel to testify. 
In its second issue, appellant contends the trial court erred in
permitting appellees= counsel, Ramon Garcia, to testify because under
rule 3.08 of the Texas Disciplinary Rules of Professional Conduct,[3]
an attorney who represents a party in a lawsuit is incompetent to testify as a
witness unless one of the exceptions to rule 3.08 applies.  Appellees contend appellant waived its right
to seek disqualification of appellees= counsel on the basis of rule 3.08.  We agree. 


On March 7, 2002,
appellant filed a Motion to Disqualify Counsel on grounds that appellees= counsel was disqualified as a fact witness.  On March 26, 2002, appellees filed a
response.  At a  hearing on May 13, 2002, appellant=s counsel stated:

[Appellant=s counsel]: On the Motion to Disqualify, Your Honor,
we believe that the Plaintiff=s [sic] argument is valid, and we will not pursue
that.








[The Court]: All right.

Accordingly, appellant waived any right
to complain of the trial court=s decision to permit appellees= counsel to testify.[4]  We overrule appellant=s second issue.

In its third issue,
appellant complains that the trial court erred in permitting appellees= counsel to testify because such testimony violated
the parol evidence rule.  Appellees argue
that the trial court did not abuse its discretion in permitting their counsel
to testify because (1) they alleged fraud and the trial court concluded they
were entitled to judgment on their fraud claim, (2) Garcia=s testimony did not contradict, add to, or vary the
terms of the settlement agreement, and (3) to the extent the agreement may have
been ambiguous, Garcia=s testimony assisted the trial court in ascertaining
the intentions of the parties.

We apply an
abuse-of-discretion standard in reviewing whether a trial court erred in
admitting or excluding evidence.[5]  In other words, the trial court commits error
only when it acts in an unreasonable and arbitrary manner, or acts without
reference to any guiding principles.[6]  Reversible error does not usually occur in
connection with rulings on questions of evidence unless the appellant can
demonstrate that the whole case turns on the particular evidence that was
admitted or excluded.[7]  








The parol evidence rule is a rule of substantive law
which provides that, in the absence of fraud, accident, or mistake, extrinsic
evidence is not admissible to vary, add to, or contradict the terms of a
written instrument that is facially complete and unambiguous.[8]  Parol evidence may be used to explain or
clarify a written agreement, but not to supply its essential terms.[9]  Parol evidence is admissible regarding the
intentions of the parties when the writing contained in the document is
ambiguous.[10]

The issue before the trial court was whether the
parties= agreement to settle the underlying suit included an
agreement that appellant would pay $200,000.00. 
The only two witnesses were the two attorneys involved in the
settlement, Ramon Garcia for appellees, and Rex Leach for appellant.  At the bench trial, both were permitted to
testify and both were cross-examined.  To
the extent that the trial court found the September 15, 2000 agreement
ambiguous, we hold the trial court did not abuse its discretion in permitting
Garcia=s testimony. 
We overrule appellant=s third issue.  


                                                      III.  Settlement Agreement








In its first issue, appellant contends no valid rule
11 agreement existed regarding  its
agreement to pay $200,000.00 to appellees. 
We construe appellant=s complaint as a challenge to the sufficiency of the
evidence supporting the trial court=s finding that counsel for the parties entered into
an agreement to settle the underlying case for $1,200,000.00 (finding of fact
number three).  Citing Bransom v.
Standard Hardware, Inc.,[11]
appellees argue that because appellant asserted only a general complaint
regarding the sufficiency of the evidence supporting the judgment and failed to
challenge specific fact findings, it waived its complaint.  

A.  Standard
of Review

We address legal‑sufficiency challenges as
either Ano‑evidence@ or Amatter‑of‑law@ issues.[12]  We analyze the issue as a Ano‑evidence@
challenge when, as here, the party complaining on appeal did not bear the
burden of proof at trial.[13]  








In reviewing the legal sufficiency of the evidence,
we view the evidence in the light most favorable to the verdict, crediting
favorable evidence if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not.[14]  We do not disregard contrary evidence if
there is no favorable evidence, or if contrary evidence renders supporting
evidence incompetent or conclusively establishes the opposite.[15]  There is legally insufficient evidence or Ano evidence@ of a vital fact when (1) there is a complete
absence of evidence of a vital fact, (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital
fact, (3) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence conclusively establishes the opposite of the
vital fact.[16]  More than a scintilla of evidence exists
where the evidence supporting the finding, as a whole, Arises to a level that would enable reasonable and
fair‑minded people to differ in their conclusions.@[17]  If the
evidence is so weak as to do no more than create a mere surmise or suspicion of
its existence, its legal effect is that it is no evidence.[18]


In reviewing a factual sufficiency issue, we
consider all the evidence, whether it supports or is contrary to the finding.[19]  The party challenging the factual sufficiency
of a finding on which an adverse party bore the burden of proof must
demonstrate that there is insufficient evidence in the record to support the
finding.[20]  We set aside the finding based on factual
insufficiency only if the evidence supporting the jury's verdict is so contrary
to the overwhelming weight of the evidence as to be manifestly unjust and
clearly wrong.[21]  








Findings of fact in a bench trial have the same
force as a jury's verdict upon jury questions.[22]
 However, the findings are not conclusive
when a complete statement of facts appears in the record, if the contrary is
established as a matter of law, or if there is no evidence to support the
findings.[23]  Findings of fact are reviewable for factual
and legal sufficiency under the same standards that are applied in reviewing
evidence supporting a jury's answer.[24]

Our review of trial
court conclusions of law is de novo.[25]  However, as noted above, although findings of
fact are reviewable for legal and factual sufficiency, an attack on the
sufficiency of the evidence must be directed at specific findings of fact
rather than at the judgment as a whole.[26]  The rule has often been otherwise stated that
if the trial court's findings of fact are not challenged by a point of error on
appeal, they are binding upon the appellate court.[27]  However, a challenge to an unidentified
finding of fact may be sufficient for review if it is included in the argument
of the issue or point, or if after giving consideration to the nature of the
case, the underlying applicable legal theories, and the findings of fact
provided, the specific finding(s) of fact which the appellant challenges can be
fairly determined from the argument.[28]      

                                                                   B.  Analysis 








Here, appellant=s attack is not directed at specific findings of
fact.  Instead, appellant  contends generally that the transcript of the
September 15, 2000 hearing does not establish that it agreed to pay appellees $200,000.00.  As noted, we construe appellant=s issue as a challenge to the legal sufficiency of
the evidence supporting finding of fact number three:  that on or about September 14, 2000, counsel
for the parties agreed to settle the case for $1,200,000.00.  

Appellant argues that the transcript of the
September 15, 2000 hearing reflects there were Adiscussions
between the attorneys for the parties about the possibility of getting the
hospital to pay $200,000.00 on top of the $1,000,000.00 to be paid by the
insurance carrier . . . [but] does not reflect a mutual assent by the parties
or a meeting of the minds . . . as to the payment of the sum of $200,000.00 . .
. .@  Appellant
also argues that prior to the statements made at the September 15, 2000
hearing, its counsel had advised appellees= counsel that appellant was not going to pay
$200,000.00.

Appellees point to the following testimony provided
by appellees= counsel at the 
March 25, 2004 bench trial:

Q [by appellees= co-counsel]: 
Could you tell us please what your discussions were with Rex Leach on
September the 14th dealing specifically with resolution of that case?

 

A [Garcia]: 
Yes. Well, Mr. Leach was the lawyer representing Knapp Hospital;
therefore, he was the agent of Knapp Hospital that I had been discussing this
case with and that I believed had authority to act for and speak for Knapp
Hospital.

. . . .








Mr. Leach comes and tells usC tells me that, no [the policy limit is] not two
million, that it=s a million. 
And that he believes that if we go out there and Stowerize [sic]
them for a million that, you know, we will get the million.  And at that point I said, well, you know, I
don=t want to settle for a million.  We=ve got a good case andC and,
you know, we want to be able to get full compensation not partial
compensation.  The concern was that they
would go ahead andC and not allow themselves to be Stowerized [sic].

 

And that=s where we came up through this, I guess, the term
you used was Acreative settlement discussion.@  And there
was another pending case, the Badiga [sic] case, that Mr. Leach and I
both agreed we could use as a way of getting the balance ofC of the money that in the event the company paid the
million, Knapp Hospital had 200,000.  And
Mr. Leach said he wasC well, I agreed to accept the 200,000.  He said he wasC but I
told him thatC he said he was going to make an effort to get the
250.

 

We went ahead and on reliance on that, I went ahead
and sent out that Stowers [sic] letter for the million dollars.  And the following dayC and also sent out the letter on the Badiga [sic]
case saying that we will agree to settle that case, also.

 

We also note that the
minutes of appellant=s September 15, 2000 Board of Directors meeting were
introduced into evidence at the bench trial. 
The minutes reflect that A[Appellees] later offered to settle near the policy
limits, which are $1 million, provided that the Hospital would contribute
approximately $200,000.  [Appellees]
would in turn be willing to drop the De la Garza case that is currently on
appeal.@ 

Viewed in the light
most favorable to the verdict, crediting favorable evidence if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could
not,[29]
we conclude that the evidence is legally sufficient to support the trial court=s finding of fact number three.  We overrule appellant=s first issue.

                                                         IV.  Fraud  








In its fourth issue, appellant argues that the Aonly evidence@ of the purported Amaterial
misrepresentation@ that Mr. Leach stated that he had authority to
offer $200,000.00 to settle the underlying case is Mr. Garcia=s testimony, which the trial court should have
disregarded under rule 3.08.[30]  We construe appellant=s issue as a challenge to the sufficiency of the
evidence supporting the trial court=s findings that Mr. Leach made a material
misrepresentation that he intended appellees to rely on, and that appellees did
rely on the misrepresentation.  However,
in its fourth issue, appellant does not specifically cite the findings of fact
it seeks to challenge.  Accordingly, we
conclude appellant failed to preserve any issue for our review.[31]  We overrule appellant=s fourth issue. 


                                              V.  Affirmative Defense of Release  

In its fifth issue, appellant contends that
appellees= claims were barred by the release executed on
October 2, 2000.  Appellant concedes the
well-settled principle that  Ato release a claim, the releasing document must >mention= it.@[32]  However,
appellant argues that the release Amentions@ its breach-of-contract claim because it contains
language releasing Aall claims, known, present, that [appellees] have
against the released parties herein,@ and because appellees knew at the time the release
was executed that appellant had refused to pay $200,000.00, the
breach-of-contract claim is included in the release.








Again, appellant does not specifically cite the
findings of fact it seeks to challenge. 
Accordingly, we conclude appellant failed to preserve any issue for our
review.[33]  Moreover, even if appellant had preserved the
issue, we agree with appellees that a release may be set aside if induced by
fraud.[34]  Here, appellees pleaded that their Stowers
demand to appellant=s carrier was induced by fraud and the trial court
concluded appellees were entitled to judgment on their claim of fraud.  We overrule appellant=s fifth issue.

                                                              VI.  Attorney Fees 

In its sixth issue, appellant contends the trial
court erred in awarding appellees attorney fees because there was no Apresentment@ of the claim pursuant to section 38.002  of the civil practice and remedies code.[35]  However, the record reflects that appellant
did not object at trial to appellees= request for attorney fees.  Accordingly, it has waived its  complaint.[36]  We overrule appellant=s sixth issue.

We AFFIRM the trial court=s judgment.                  

 

                                                              
                                                        

LINDA REYNA YAÑEZ,

Justice

 

 

 

Memorandum
opinion delivered and filed 

this
the 25th day of May, 2006.











[1]
In the underlying cause,
cause number C-3066-95-G in the 370th District Court of Hidalgo County, Texas,
appellees sued appellant for various causes of action, including defamation and
slander.  After the case was presented to
a jury, but before closing arguments, the parties notified the trial court that
a settlement had been reached.  The
parties read the settlement agreement into the record of the trial court and
the court dismissed the jurors. 
Thereafter, appellees contend that appellant refused to perform pursuant
to the settlement agreement.  Appellees
sued appellant (in the present cause) for fraud and breach of the settlement
agreement.  





[2]
See Tex. Civ.
Prac. & Rem. Code Ann. ' 38.002 (Vernon 1997).





[3]
See Tex.
Disciplinary R. Prof=l. Conduct 3.08.





[4] See Tex. R.
App. P. 33.1.





[5]
See City of Brownsville v.
Alvarado, 897
S.W.2d 750, 753 (Tex. 1995).





[6]
Pitman v. Lightfoot, 937 S.W.2d 496, 517-18 (Tex. App.BSan Antonio 1996, writ denied)
(citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42
(Tex. 1985)).





[7]
Id. at 518.





[8]
Hayes v. Rinehart, 65 S.W.3d 286, 288 (Tex. App.BEastland 2001, no pet.); Pitman,
937 S.W.2d at 515-16.   





[9]
Tex. Builders v. Keller, 928 S.W.2d 479, 481 (Tex. 1996).





[10]
Pitman, 937 S.W.2d at 517.   





[11]
See Bransom v. Standard
Hardware, Inc.,
874 S.W.2d 919, 927 (Tex. App.BFort Worth 1994, writ denied).  





[12]
Gooch v. Am. Sling Co., 902 S.W.2d 181, 183‑84
(Tex. App.BFort Worth 1995, no writ). 





[13]
Id. at 183.





[14]
Ysleta Indep. Sch. Dist.
v. Monarrez, 177
S.W.3d 915, 917 (Tex. 2005); City of Keller v. Wilson, 168 S.W.3d 802,
807 (Tex. 2005).





[15]
City of Keller, 168 S.W.3d at 812-18.





[16]
Merrell Dow Pharms. v.
Havner, 953 S.W.2d
706, 711 (Tex. 1997). 





[17]
Id. (quoting Burroughs Wellcome Co.
v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).





[18]
Haynes & Boone v.
Bowser Bouldin, Ltd.,
896 S.W.2d 179, 183 (Tex. 1995).  





[19]
Golden Eagle Archery, Inc.
v. Jackson, 116
S.W.3d 757, 761 (Tex. 2003); Mar. Overseas Corp. v. Ellis, 971 S.W.2d
402, 406‑07 (Tex. 1998). 





[20]
Gooch, 902 S.W.2d at 184.   





[21]
Mar. Overseas Corp., 971 S.W.2d at 407.   





[22]
City of Clute v. City of
Lake Jackson, 559
S.W.2d 391, 395 (Tex. Civ. App.BHouston [14th Dist.] 1977, writ ref'd n.r.e.). 





[23] Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex. App.BHouston [14th Dist.] 1985, writ
ref'd n.r.e.).





[24]
Zieben v. Platt, 786 S.W.2d 797, 799 (Tex. App.BHouston [14th Dist.] 1990, no
writ).





[25]
In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994).





[26]
 In re M.W., 959 S.W.2d 661, 664 (Tex. App.BTyler 1997, writ denied). 





[27]
Northwest Park Homeowners
Ass'n, Inc., v. Brundrett, 970 S.W.2d 700, 704 (Tex. App.BAmarillo  1998, pet.
denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex. App.BHouston [14th Dist.] 1987, no
writ). 





[28]
See Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). 

 





[29]
See City of Keller, 168 S.W.3d at 807.





[30]
See Tex.
Disciplinary R. Prof=l. Conduct 3.08.





[31]
See In re M.W., 959 S.W.2d at 664; Bransom,
874 S.W.2d at 927. 





[32]
Mem=l Med. Ctr. v. Keszler, 943 S.W.2d 433, 434-35 (Tex.
1997) (citing Victoria Bank and Trust Co. v. Brady, 811 S.W.2d 931, 938
(Tex. 1991)).





[33]
See In re M.W., 959 S.W.2d at 664; Bransom,
874 S.W.2d at 927. 





[34]
See Deer Creek, Ltd. v. N.
Am. Mortg. Co.,
792 S.W.2d 198, 201 (Tex. App.BDallas 1990, no writ). 





[35] See Tex. Civ. Prac. & Rem. Code Ann. ' 38.002 (Vernon 1997).





[36]
See Tex. R.
App. P. 33.1; Wal-Mart
Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999) (ATo preserve a complaint for
appellate review, a party must present to the trial court a timely request,
motion, or objection, state the specific grounds therefore, and obtain a
ruling.@).